IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL S. HORNER,  )  <br>     Plaintiff,  ) <br> vs.  ) <br>   ) <br> BOARD OF PARDONS AND PAROLE,  ) <br> et al.,  ) <br>     Defendants.  ) | No. 3:04-CV-1127-M |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On May 26, 2004, plaintiff, a resident of a half-way house located in Dallas, Texas, filed this civil complaint pursuant to 42 U.S.C. § 1983 against the Board of Pardons and Paroles and various individuals associated with supervising his parole. (*See* Compl. at 1-3.) On October 14, 2004, the Court received plaintiff's Answers to Magistrate Judge's Questionnaire wherein he claims that defendants denied him access to law libraries in May 2004 as part of the supervision of his parole, and that such denial harmed him because he could not conduct legal research for a then pending civil case in this Court. (*See id.* at 4; Answer to Questions 1 through 3 of Magistrate Judge's Questionnaire (MJQ).)[1] By this lawsuit, plaintiff seeks money damages and use of the libraries. (Compl. at 4.)

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is "not subject to waiver." *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). The Supreme Court, furthermore "insist[s] on strict compliance" with the requirement. *Raines*, 521 U.S. at 819. To meet the standing element of the case-or-controversy requirement, plaintiffs must allege a personal injury that is particularized, concrete, and otherwise judicially cognizable. *Id.* at 818-19.

Courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). In fact, Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."

Plaintiff alleges that he was denied access to law libraries and their materials, and that he has been harmed by the alleged denial because he was unable to conduct research for his then pending civil action in this Court (Cause No. 3:04-CV-0003-L). (*See* Compl. at 4; Answers to Questions 1 through 3 of MJQ.) His claims arise pursuant to 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Although there is a well-established constitutional right to access the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), there is no "right to a law library", *Lewis v. Casey*, 518 U.S. 343, 350 (1996). *Bounds* did not establish a "right to a law library or to legal assistance", but merely "acknowledged . . . the (already well-established) right of access to the courts." *Id.* Because there is no constitutional right to access to a law library, the Court considers plaintiff's claims as asserting a denial of access to the courts. However, because the right of access to the courts is not a "freestanding right," it is necessary that plaintiff demonstrate actual injury resulting from an alleged denial of access. *Id.* at 351. Without a showing of an actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id.* at 349.

To meet the standing requirement plaintiff "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claimed denial of access to

courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

In this instance, plaintiff has failed to show that he has standing to litigate his claims. He has not alleged that the alleged lack of access prevented him from filing a case or caused him to lose a pending case. He merely claims an inability to conduct research on his prior civil action, which the Court subsequently dismissed as frivolous. *See Horner v. Johnson*, No. 3:04-CV-0003-L, 2005 WL 26846, at *3 (N.D. Tex. Jan. 4, 2005) (findings, conclusions, and recommendation of United States Magistrate Judge), *accepted by* 2005 WL 130131 (N.D. Tex. Jan. 20, 2005). Such harm does not bestow standing upon plaintiff to pursue the claimed denial of access to courts because such dismissal is not fairly traceable to the alleged denial of access. The dismissal resulted from the application of settled law to the facts of the prior action. *See id.* at *1-3. Additional research by plaintiff would not have altered the outcome. Because plaintiff has shown no prejudice from the alleged denial of access to the courts, he has no standing to proceed with this action. Consequently, this action should be dismissed for lack of jurisdiction.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action for lack of subject matter jurisdiction.

**SIGNED this 2nd day of December, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE